1  DANIEL L. KELLER (SBN 191738)
2  STEPHEN M. FISHBACK (SBN 191646)
   DAN C. BOLTON (SBN 104236)
3  **KELLER, FISHBACK & JACKSON LLP**
   28720 Canwood Street, Suite 200
4  Agoura Hills, CA 91301
   Telephone:  818.342.7442
5  Facsimile:  818.342.7616
   Email: dkeller@kfjlegal.com
6  Email: sfishback@kfjlegal.com
   Email: dbolton@kfjlegal.com
7
8  Attorneys for Plaintiffs Julie Hamilton, Jerad Hamilton,
   Lyle McLean, Sam Flowers, Nestor Diaz, George Armstrong,
9  and the Proposed Nationwide Class and State Classes
10
   **UNITED STATES DISTRICT COURT**
11
   **CENTRAL DISTRICT OF CALIFORNIA**
12
13

| JULIE HAMILTON, JERAD HAMILTON, LYLE MCLEAN, SAM FLOWERS, NESTOR DIAZ, and GEORGE ARMSTRONG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>TBC CORPORATION, DYNAMIC TIRE CORPORATION, and DOES 1-10,<br><br>                    Defendants. | Case No.:  2:17-cv-01060-DMG-JEM<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

Page

PARTIES……………………………………………………………………… 1

JURISDICTION AND VENUE ……………………………………………… 3

SUMMARY OF ACTION ……………………………………………………… 4

TOLLING OF THE STATUTE OF LIMITATIONS …………………………… 6

      Fraudulent Concealment ………………………………………………….. 6

      Estoppel …………………………………………………………………… 6

      Discovery Rule …………………………………………………………… 6

CLASS ACTION ALLEGATIONS …………………………………………... 7

      Numerosity and Ascertainability ………………………………………… 8

      Typicality ………………………………………………………………… 8

      Adequate Representation ………………………………………………… 9

      Predominance of Common Issues ………………………………………… 9

      Superiority ………………………………………………………………… 10

CLAIMS FOR RELIEF …………………………………………………….. 12

      FIRST CLAIM FOR RELIEF Common Law Fraud and Violations
      of Cal. Civ. Code sections 1709, 1710, 1572 & 1573
      (Brought on Behalf of the Nationwide Class) …………………………… 12

      SECOND CLAIM FOR RELIEF Quasi-Contract Unjust Enrichment
      (Brought on Behalf of the Nationwide Class)…………………………….. 14

      THIRD CLAIM FOR RELIEF Violation of Magnuson-Moss Warranty
      Act, 15 U.S.C. § 2301, *et seq.* Breach of Express Warranty
      (Brought on Behalf of the Nationwide Class)…………………………….. 15

      FOURTH CLAIM FOR RELIEF Violation of Magnuson-Moss Warranty
      Act, 15 U.S.C. §§ 2301, *et seq.* Breach of Implied Warranty
      (Brought on Behalf of the Nationwide Class)……………………………. 17

FIFTH CLAIM FOR RELIEF Negligent Failure to Recall/Retrofit
(Brought on Behalf of the Nationwide Class)……………………………. 19

SIXTH CLAIM FOR RELIEF Violation of California's Consumer
Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*
(Brought on Behalf of the California Class)……………………………  20

SEVENTH CLAIM FOR RELIEF Violation of California's Unfair
Competition Law, Cal. Bus & Prof. Code §§17200, *et seq.*
(Brought on Behalf of the California Class)…………………………....... 22

EIGHTH CLAIM FOR RELIEF Violation of California False
Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*
(Brought on Behalf of the California Class) ………………………… 24

NINTH CLAIM FOR RELIEF Breach of Express Warranty
(Cal. Com. Code §§ 2313 and 10210)
(Brought on Behalf of the California Class)…………………………....... 25

TENTH CLAIM FOR RELIEF Breach of Implied Warranty of
Merchantability (Cal. Com. Code §§ 2314 and 10212)
(Brought on Behalf of the California Class)…………………………  27

ELEVENTH CLAIM FOR RELIEF Violation of Arizona Consumer
Fraud Statute (Ariz. Revised Stat. §§ 44-1521, *et seq.*)
(Brought on Behalf of the Arizona Class) ………………………….. 28

TWELFTH CLAIM FOR RELIEF Breach of Express Warranty
(Ariz. Rev. Stat. §§ 47-2313 and 47-2A210)
(Brought on Behalf of the Arizona Class) …………………….......... 29

THIRTEENTH CLAIM FOR RELIEF Breach of Implied Warranty of
Merchantability (Ariz. Rev. Stat. §§ 47-2314 and 47-2A212)
(Brought on Behalf of the Arizona Class) ………………………….. 30

FOURTEENTH CLAIM FOR RELIEF Violations of the Colorado
Consumer Protection Act (Col. Rev. Stat. section 6-1-101, *et seq.*)
(Brought on Behalf of the Colorado Class) ……………………….. 31

FIFTEENTH CLAIM FOR RELIEF Breach of the Implied Warranty
Of Merchantability (Col. Rev. Stat. sections 4-2-313 and 4-2.5-212)
(Brought on Behalf of the Colorado Class) ………………………………… 34

SIXTEENTH CLAIM FOR RELIEF Breach of Express Warranty
(Colo. Rev. Stat sections 4-2-313 and 4-2.5-210)
(Brought on Behalf of the Colorado Class) ……………………………… 35

SEVENTEENTH CLAIM FOR RELIEF Violations of Florida's Unfair
& Deceptive Trade Practices Act
(Fla. Stat. section 501.201, *et seq.*)
(Brought on Behalf of the Florida Class) ………………………………… 37

EIGHTEENTH CLAIM FOR RELIEF Breach of Express Warranty
(F.S.A. sections 672.313 and 680.21)
(Brought on Behalf of the Florida Class) ………………………………… 40

NINETEENTH CLAIM FOR RELIEF Breach of Implied Warranty of
Merchantability (F.S.A. sections 672.314 and 680.212)
(Brought on Behalf of the Florida Class) ………………………………… 42

TWENTIETH CLAIM FOR RELIEF Violations of New York General
Business Law section 349 (N.Y. Gen. Bus. Law section 349)
(Brought on Behalf of the New York Class) ……………………………… 43

TWENTY-FIRST CLAIM FOR RELIEF Violations of New York
General Business Law section 350 (N.Y. Gen. Bus. Law section 350)
(Brought on Behalf of the New York Class) ……………………………… 46

TWENTY-SECOND CLAIM FOR RELIEF Breach of Implied Warranty
of Merchantability (N.Y. U.C.C. Law sections 2-314 and 2A-212)
(Brought on Behalf of the New York Class) ……………………………… 48

TWENTY-THIRD CLAIM FOR RELIEF Breach of Express Warranty
(N.Y. U.C.C. Law sections 2-313 and 2A210)
(Brought on Behalf of the New York Class) …………………………….... 49

PRAYER FOR RELIEF …………………………………………………… 51

DEMAND FOR JURY TRIAL …………………………………………...... 52

1.     Plaintiffs, Julie Hamilton, Jerad Hamilton, Lyle McLean, Sam Flowers, Nestor Diaz and George Armstrong ("Plaintiffs"), bring this action on behalf of themselves and all other persons similarly situated in the United States who purchased or otherwise acquired a Power King Towmax STR trailer tire ("Class Tires"), and allege as follows on personal knowledge as to all facts related to themselves, and upon information and belief as to all other matters.

### PARTIES

2.     Plaintiffs Julie Hamilton and Jerad Hamilton are a residents and citizens of Loomis, California.  On or about April 24, 2016, Plaintiffs Julie Hamilton and Jerad Hamilton experienced a tread separation of a Power King Towmax STR trailer tire while driving with their fifth-wheel trailer on Interstate 80 in Vacaville, California.  Plaintiffs Julie Hamilton and Jerad Hamilton did not know that the tire contained a defect, was not safe and durable, and would not perform under ordinary driving conditions.

3.     Plaintiff Lyle McLean is a resident and citizen of Casa Grande, Arizona. On or about March 30, 2016, Plaintiff Kyle McLean experienced a tread separation of a Power King Towmax STR trailer tire while driving with his fifth-wheel trailer.  He experienced a second tread separation of a Power King Towmax STR trailer tire while driving with his fifth-wheel trailer on October 3, 2016.  Plaintiff McLean did not know that the tires contained a defect, were not safe and durable, and would not perform under ordinary driving conditions.

4.     Plaintiff Sam Flowers is a resident and citizen of Golden, Colorado.  On or about May 3, 2015, Plaintiff Flowers experienced a tread separation of a Power King Towmax STR trailer tire while driving with his fifth-wheel trailer in Florida. He experienced a second tread separation of a Power King Towmax STR trailer tire while driving his fifth-wheel trailer on May 12, 2015, in Kansas City, Missouri. Plaintiff Flowers did not know the tires contained a defect, were not safe and durable, and would not perform under ordinary driving conditions.

5.     Plaintiff Nestor Diaz is a resident and citizen of Miami, Florida.  In or about March 2015, Plaintiff Diaz experienced a tread separation of a Power King Towmax STR trailer tire during the operation of his fifth-wheel trailer near West Palm Beach, Florida.  He experienced a second tread separation in or about March 2015, near Orlando, Florida.  He experienced a third tread separation in or about April 2017, near West Palm Beach, Florida.  Plaintiff Diaz did not know the tires contained a defect, were not safe and durable, and would not perform under ordinary driving conditions.

6.     Plaintiff George Armstrong is a resident and citizen of Cuddebackville, New York.  In or about April 2017, Plaintiff Armstrong experienced a tread separation of a Power King Towmax STR trailer tire while driving with his fifth-wheel trailer in Georgia.  He experienced a second tread separation in or about April 2017, in Florida.  Plaintiff Armstrong did not know the tires contained a defect, were not safe and durable, and would not perform under ordinary driving conditions.

7.     Defendant TBC Corporation ("TBC") is a corporation doing business in all fifty states, and is organized and incorporated under the laws of Delaware.  Its principal place of business is in Florida.  TBC is a citizen of Delaware and Florida.  At all relevant times, TBC designed, manufactured, marketed, distributed, promoted, advertised, warranted and sold the Class Tires throughout the United States.  TBC created and distributed the manuals, advertisements, warranties, and other promotional materials relating to the Class Tires.

8.     Defendant Dynamic Tire Corporation ("DTC") is a corporation doing business in all fifty states, and is organized and incorporated under the laws of Canada.  Its principal place of business is in Woodbridge, Ontario, Canada.  In 2001, DTC opened an office in Tianjin, China, for the purpose of manufacturing tires, including the Class Tires.  At all relevant times, DTC designed, manufactured, distributed, promoted, advertised, warranted and sold the Class Tires throughout the United States.  DTC created and distributed the manuals,

advertisements, warranties, and other promotional materials relating to the Class Tires.

9.     Plaintiffs do not know the true names and capacities of Defendants sued in this Complaint as Does 1–10, and therefore sue these Defendants by fictitious names, pursuant to Cal. Code Civ. Pro. § 474.  Plaintiffs will amend this Complaint to allege the true names and capacities of these Defendants when ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants named herein as Does 1–10, is responsible in some manner for the events, occurrences, injuries and damages alleged in this Complaint, and each Claim for Relief set forth in this Complaint is alleged as to all Defendants, including Does 1–10.

10.    Plaintiffs are informed and believe, and on that basis allege, that each Defendant was in some manner responsible for the acts and damages alleged herein, and/or participated in the acts and events herein alleged, and that, in participating in such acts, each Defendant was the agent and employee of each other Defendant, and was acting in the course and scope of such agency and employment.

## JURISDICTION AND VENUE

11.    This Court has original jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) because Plaintiffs and many members of the proposed Class are citizens of states different from Defendants' home states, and the aggregate amount in controversy in this action exceeds $5,000,000.00, exclusive of interests and costs.

12.    This Court has personal jurisdiction over Defendants because Defendants are authorized to conduct business in California, are doing business in California, are registered with the California Secretary of State, and maintain a registered agent in Sacramento, California.  Alternatively, Defendants are engaged in systematic and continuous business activity in California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California consumer market through the promotion, marketing, distribution, and sale of the

Class Tires.  This purposeful availment renders the exercise of jurisdiction by this Court over Defendants appropriate under traditional notions of fair play and substantial justice.

13.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendants are subject to personal jurisdiction in this District, and a substantial portion of the events and omissions giving rise to the claims alleged herein occurred in this District.  Moreover, Defendants conduct substantial business in this District, have marketed, advertised, distributed and sole the Class Tires in this District, and have caused harm to Class Members residing in this District.

## SUMMARY OF ACTION

14.  The Power King Towmax STR trailer tire is a private label brand promoted, marketed and distributed by Defendants throughout the United States.  The retail tire market is a lucrative one with yearly sales in the multibillion-dollar range.  The private label brands, such as the Class Tires, attempt to compete in the market by selling inexpensive tires manufactured overseas that undercut the major tire manufacturers.

15.  The Class Tires are marketed for use in the distinctly American pastime of packing-up the family and heading off in a travel trailer for a vacation or weekend getaway.  The Class Tires are used for trailer applications, including travel trailers and "fifth wheel" trailers (a camping trailer coupled to a pickup truck).   Defendants market, advertise and distribute the Class Tires in the United States.  The Class Tires are, in fact, manufactured in China.  Defendants' marketing and advertising materials do not disclose that fact nor do the materials identify the Chinese manufacturer.

16.  Defendants' marketing and advertising materials state, among other things, that the Class Tires are "the standard in premium trailer tires!" and that the Class Tires have been "specifically designed to deliver long-lasting and dependable performance for trailer applications including travel trailers and fifth wheels."
///

17.   Defendants' marketing and advertising materials further represent that "TBC Brands tires are manufactured to exacting manufacturing standards … second to none in the industry …." and that the Class Tires feature "advanced construction technology for superior strength and durability, as well as an optimized five rib tread design for maximum ride stability and long tread life."

18.   Defendants' marketing and advertising materials also tout that the Class Tires have a "Nationwide Warranty."

19.   In fact, in contrast to Defendants' representations that the Class Tires are "long-lasting" and "dependable," the Class Tires are dangerous and defective and fail under normal operating conditions.  Defendants failed to disclose to Plaintiffs, Class Members and the public that the Class Tires have a high rate of failure, particularly from tread separation.  The failures of the Class Tires regularly occur on highways, often at high speed and near others, posing serious risks of harm to individuals, as well as property damage.

20.   As a result of these defects, the Class Tires do not function as reasonable consumers expect when used under ordinary driving conditions.  Moreover, Plaintiffs and Class Members will incur additional expenses to replace Class Tires that have not yet failed, but are likely to do so in the future.

21.   Defendants failed to disclose these material facts to the public and to consumers.  If the Plaintiffs and Class Members had known of the defects at the time they purchased or acquired the Class Tires, they would have declined to purchase or acquire the Class Tires since a defective and dangerous trailer tire has a complete loss of value, or, at the very least, would have paid substantially less than they did.

22.   In sum, Defendants' deliberate deception and failure to disclose has caused significant harm to Plaintiffs, Class Members and the public.  Defendants' promise in its advertising and promotional materials of "safe travels" to those who purchase or acquire the Class Tires rings hollow in light of the defective and dangerous nature of the Class Tires.

# TOLLING OF THE STATUTE OF LIMITATIONS

## Fraudulent Concealment

23.  Defendants concealed their fraud from Class Members.  Upon information and belief, Defendants have known of the tire failure and tread separation defects in the Class Tires for many years, and intentionally concealed from or failed to notify Plaintiffs, Class Members, and the public of the tread separation defect of the Class Tires.

24.  Despite knowing about the tire failure and tread separation defects, Defendants have never acknowledged the problem to Plaintiffs, Class Members and the public.

25.  Any applicable statute of limitation has therefore been tolled by Defendants' knowledge and active concealment of the facts alleged herein.

## Estoppel

26.  Defendants were and are under a continuous duty to disclose to Plaintiffs and Class Members the true character, quality and nature of the Class Tires.  Instead, Defendants actively concealed the true character, quality, and nature of the Class Tires, and knowingly made misrepresentations about the quality, reliability, characteristics, and performance of the Class Tires.  Plaintiffs and Class Members reasonably relied upon Defendant's knowing and affirmative misrepresentations and/or active concealment of these facts.  Based on the above allegations, Defendants are estopped from relying on any statutes of limitation in defense of this action.

## Discovery Rule

27.  The causes of action alleged herein did not accrue until Plaintiffs and Class Members discovered that the Class Tires had a tire failure and/or tread separation defect, and were not performing as advertised and warranted by Defendants.

///

///

28.   Plaintiffs and Class Members had no realistic ability to discover the presence of the tire failure or tread separation defect, or to otherwise learn of the fraud, omissions and concealment, until within the applicable statutes of limitation.

## CLASS ACTION ALLEGATIONS

29.    Plaintiffs bring this lawsuit as a class action on their own behalf and on behalf of all other persons similarly situated as members of the proposed Nationwide Class ("Class") and State Classes (collectively, the "Classes"), pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), (b)(3) and/or (c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

30.    The proposed Classes are defined as:

### Nationwide Class

All persons and entities in the United States that purchased or acquired a Power King Towmax STR trailer tire ("Class Tires").

### California Class

All persons and entities in California that purchased or acquired a Power King Towmax STR trailer tire ("Class Tires").

### Arizona Class

All persons and entities in Arizona that purchased or acquired a Power King Towmax STR trailer tire ("Class Tires").

### Colorado Class

All persons and entities in Colorado that purchased or acquired a Power King Towmax STR trailer tire ("Class Tires").

### Florida Class

All persons and entities in Florida that purchased or acquired a Power King Towmax STR trailer tire ("Class Tires").

### New York Class

All persons and entities in New York that purchased or acquired

a Power King Towmax STR trailer tire ("Class Tires").

31.   Excluded from the Nationwide Class and State Classes are a) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; b) the Judge to whom this case is assigned and the Judge's staff, c) governmental entities, d) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that any Class should be expanded, divided into subclasses, or modified in any other way.

## **Numerosity and Ascertainability**

32.   Although the exact number of Class Members is uncertain at this time, the size of the Classes can be estimated to be in the thousands, likely the tens of thousands, and the number is great enough that joinder of all members is impracticable.  Plaintiffs will determine the exact number and identity of the Class Members through discovery.  The disposition of the claims of the Class Members in a single action will provide substantial benefits to all parties and to the Court.  Class Members will be readily identifiable through Defendants' records, as well as the records of other entities that may have distributed and/or sold the Class Tires.

## **Typicality**

33.   The claims of the representative Plaintiffs are typical of the claims of the Class Members in that the representative Plaintiffs, like all Class Members, purchased or acquired the Class Tires.  The representative Plaintiffs, like all Class Members, have been damaged by Defendants' conduct in that they have incurred economic losses relating to the Class Tires.  Furthermore, the factual bases of Defendants' misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all Class Members.

///

///

**Adequate Representation**

34.   Plaintiffs are members of the Nationwide Class, as well as members of their respective State Classes, and will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions, defective products, and complex litigation.

35.   Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests adverse to those of the Classes.

**Predominance of Common Issues**

36.   Numerous questions of law and fact common to Plaintiffs and Class Members exist that predominate over any question affecting only individual Class Members.  The answers to these common questions will advance resolution of the litigation as to all Class Members.  These common legal and factual issues include:

a.   whether Defendants designed, manufactured, advertised, marketed, distributed, or otherwise placed the Class Tires into the stream of commerce in the United States;

b.   whether the Class Tires contained a defect that occurred under normal operating conditions;

c.   whether Defendants knew or should have known about the tire failure and/or tread separation defect in the Class Tires;

d.   whether the true nature of the Class Tires performance, safety and durability constitute material facts that reasonable consumers would have considered in deciding whether to purchase or acquire the Class Tires;

e.   whether Defendants made material representations regarding the Class Tires;

f.   whether Defendants disseminated misleading advertisements, labels, warranties, and other promotional materials in an effort to induce Plaintiffs and Class Members to purchase or acquire the Class Tires;

g.  whether Defendants had a duty to disclose the true nature of the Class Tires to Plaintiffs and Class Members;

h.  whether Defendants misrepresented, omitted, suppressed, and/or failed to disclose material facts about the Class Tires;

i.  whether Defendants' concealment of the true nature of the Class Tires would have induced a reasonable consumer to act to their detriment by purchasing or acquiring the Class Tires;

j.  whether Defendants' wrongdoing and misconduct resulted in unjust enrichment to Defendants;

k.  whether Defendants violated the Magnuson-Moss Warranty Act with respect to any express warranty made by Defendants;

l.  whether Defendants violated the Magnuson-Moss Warranty Act with respect to any implied warranty made by Defendants;

m.  whether Defendants wrongfully failed to recall and/or retrofit the Class Tires;

n.  whether Plaintiffs and Class Members are entitled to actual, statutory, and punitive damages, and other monetary relief;

o.  whether Plaintiffs and Class Members are entitled to injunctive relief; and

p.  whether Plaintiffs and Class Members are entitled to equitable relief, including restitution and disgorgement.

**<u>Superiority</u>**

37.  Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient resolution of this matter.

38.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress

for Defendant's wrongdoing and misconduct.  Without a class action, Class Members will continue to incur damages and losses, and Defendants' conduct will continue without remedy.

39.   Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

40.   Defendants have acted in a uniform manner with respect to the Plaintiffs and Class Members.

41.   Classwide declaratory, equitable, and injunctive relief is appropriate under Rule 23(b)(1) and/or (b)(2) because Defendants have acted on grounds that apply generally to the class, and inconsistent adjudications with respect to Defendants' liability would establish incompatible standards and substantially impair or impede the ability of Class Members to protect their interests.  Classwide relief assures fair, consistent, and equitable treatment and protection of all Class Members, and uniformity and consistency in Defendants' discharge of their duties to perform corrective action regarding the Class Tires.

42.   Plaintiffs cannot be certain of the form and manner of proposed notice to class Members until the class is finally defined and discovery is completed regarding the identity of class members.  Plaintiffs anticipate, however, that notice by mail will be given to class members who can be identified specifically.  In addition, notice may be published in appropriate publications, on the internet, in press releases and in similar communications in a way that is targeted to reach those who may have purchased or acquired the Class Tires.  The cost of notice, after class certification, trial, or settlement before trial, should be borne by Defendants.

///

///

///

# FIRST CLAIM FOR RELIEF

## Common Law Fraud and Violations of

## Cal. Civ. Code sections 1709, 1710, 1572 & 1573

### (Brought on Behalf of the Nationwide Class)

43.    Plaintiffs bring this claim on behalf of themselves and the Nationwide Class.

44.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

45.    Defendants engaged in both speaking and silent fraud, and in fraudulent and deceptive conduct, throughout the Class Period.  As described above, Defendants' conduct defrauded Plaintiffs and Class Members, intending and leading them to believe, through affirmative misrepresentations, omissions, suppression and concealments of material fact, that the Class Tires, marketed by Defendants as safe and suitable for use on trailers, possessed important characteristics that they in fact did not possess—namely that they were safe and durable for trailer use, and would perform in ordinary driving conditions—and inducing the purchase and acquisition of the Class Tires.

46.    Defendants' intentional and material misrepresentations included, among other things, its advertising, marketing materials and messages, and other standardized promotional statements claiming that the Class Tires were safe and suitable for use on trailers.

47.    The foregoing misrepresentations were uniform across all Class Members. The same advertisements were shown to all members of the public generally and the same marketing materials were distributed to customers and potential customers, and all of the materials contained the same standardized statements relating to the Class Tires safety, durability, performance and suitability for use on trailers.

48.    These representations directly contradicted the true nature and hidden defects of the Class Tires when operating under normal circumstances.  Defendants

knew the representations were false when they made them, and intended to defraud purchasers thereby.

49.    Defendants also had a duty to disclose, rather than to conceal and to suppress, the full scope and extent of the safety deception because:

a.    Defendants had exclusive knowledge of the safety and durability of the Class Tires and concealment thereof;

b.    The details regarding the safety and durability of the Class Tires and concealment thereof were known and/or accessible only to Defendants;

c.    Defendants knew Plaintiffs and Class Members did not know and could not reasonably discover the safety and durability hazards in the Class Tires and concealment thereof; and

d.    Defendants made general representations about the qualities of the Class Tires, including statements about their performance, safety and durability, which were misleading, deceptive and incomplete without the disclosure of the fact that the Class Tires did not possess these attributes.

50.    Defendants' concealment was likewise uniform across all Class Members in that Defendants concealed from everyone other than themselves, including potential customers, the true facts relating to the safety, performance and durability of the Class Tires.

51.    Defendants' misrepresentations and omissions were material in that they would affect a reasonable consumer's decision to purchase the Class Tires. Defendants' conduct, misrepresentations, omissions, concealment, and suppression undermined the core value proposition that induced customers to purchase or acquire the Class Tires.

52.    Defendants' intentionally deceptive conduct—its silent fraud and fraud by concealment—likewise induced the purchase or acquisition of the Class Tires by Plaintiffs and Class Members, and the resulting harm and damage to them.

///

53.    Plaintiffs relied upon Defendants' misrepresentations and concealment of the true facts.  Class Members are presumed to have relied upon Defendants' misrepresentations and concealment of the true facts because those facts are material to a reasonable consumer's purchase or acquisition of the Class Tires.

54.    As a result of Defendants' inducements, Plaintiffs and Class Members have sustained the injuries and damages set forth in this Complaint.  If Plaintiffs and Class Members had known about the misrepresentations and concealment by Defendants, they would not have purchased the Class Tires.  In fact, the Class Tires could not have been marketed or sold to any reasonable consumer had existence of the product defects been disclosed.  Defendants are therefore liable to Plaintiffs and Class Members in an amount to be proven at trial.

55.    Defendants' conduct was systematic, repetitious, knowing, intentional and malicious, and demonstrated a lack of care and reckless disregard for the rights and safety of Plaintiffs, Class Members and the public.  Defendants' conduct thus warrants an assessment of punitive damages under Cal. Civ. Code § 3294 and other applicable states' laws, consistent with the actual harm it has caused, the reprehensibility of its conduct, and the need to punish and deter such conduct.

## SECOND CLAIM FOR RELIEF

### Quasi-Contract Unjust Enrichment

### (Brought on Behalf of the Nationwide Class)

56.    Plaintiffs bring this claim on behalf of themselves and the Nationwide Class.

57.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

58.    Defendants have been unjustly enriched in that they intentionally sold the Class Tires knowing that they could not deliver the safety, durability and performance promised to consumers.  Defendants enticed Plaintiffs and Class Members to purchase or acquire the Class Tires through false and deceptive

advertising, promotional, marketing and warranty materials, and were unjustly enriched as a result.

59.   Plaintiffs and Class Members conferred a benefit on Defendants by purchasing or acquiring the Class Tires.

60.   When purchasing or acquiring the Class Tires, Plaintiffs and Class Members reasonably believed that the Class Tires were safe, durable and would perform as advertised, warranted and represented by Defendants.

61.   Plaintiffs and Class Members suffered a complete loss of value of the Class Tires, and certainly at the very least, less than what they paid for in that the Class Tires were not as advertised, warranted and represented by Defendants.

62.   Defendants know of and appreciate the benefit conferred by Plaintiffs and Class Members, and have retained that benefit notwithstanding their knowledge that the benefit is unjust.

63.   The above did not occur by accident or conditions not within Defendants' control.  If fact, the Class Tires were dangerous and unsafe, and did not perform safely under ordinary driving conditions.

64.   Defendants should therefore be required to disgorge the unjust enrichment.

## THIRD CLAIM FOR RELIEF

**Violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.***

**Breach of Express Warranty**

**(Brought on Behalf of the Nationwide Class)**

65.   Plaintiffs bring this claim on behalf of themselves and the Nationwide Class.

66.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

67.   The Class Tires are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

68.  Plaintiffs and Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3), because they are persons entitled under applicable state law to enforce against the warrantor the obligations of its express and implied warranties.

69.  Each Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

70.  Section 2310(d)(1) of Chapter 15 of the United States Code provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

71.  In connection with the purchase of the Class Tires, Defendants provided an express Limited Warranty Against Defects in Workmanship and Materials for the life of the original tread, or five years from date of purchase (whichever comes first).

72.  Plaintiffs and members of the Nationwide Class experienced defects within the warranty period.  Despite the existence of the warranties, the Defendants failed to inform Plaintiffs and Class members that the Class Tires were defective and unsafe, and prone to failure and tread separation.

73.  Furthermore, by advertising that the Class Tires were safe, durable and would perform under ordinary driving conditions, Defendants expressly warranted to Plaintiffs and Class Members that the Class Tires at least complied with all applicable laws and regulations relating to tires and tire safety.

74.  Moreover, through its advertising and representations, Defendants warranted to purchasers of the Class Tires that the tires would be safe, durable and would perform under ordinary driving conditions.  Such statements became the basis of the bargain for Plaintiffs and Class Members because such statements are among the facts a reasonable consumer would consider material in the purchase of a .

75.  In fact, in ordinary driving conditions, the Class Tires were not safe and durable, and did not perform under ordinary driving conditions.

///

76.  Plaintiffs, on behalf of themselves and Class Members, provided Defendants with notice of their warranty claims by the filing of this Complaint. Defendants failed to fulfill their warranty obligations despite this notice.

77.  Plaintiffs and Class Members have suffered damages as set forth herein as a direct and proximate result of Defendants' breach of express warranties since Plaintiffs and Class Members purchased or acquired the Class Tires.

78.  Plaintiffs and the Class Members are entitled to actual damages, restitution, disgorgement, and such other relief as the Court deems proper.

## FOURTH CLAIM FOR RELIEF

### Violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

### Breach of Implied Warranty

### (Brought on Behalf of the Nationwide Class)

79.  Plaintiffs bring this claim on behalf of themselves and the Nationwide Class.

80.  Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

81.  The Class Tires are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

82.  Plaintiffs and Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3), because they are persons entitled under applicable state law to enforce against the warrantor the obligations of its express and implied warranties.

83.  Each Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

84.  Section 2310(d)(1) of Chapter 15 of the United States Code provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

///

85.  Defendants provided Plaintiffs and Class Members with an implied warranty of merchantability in connection with the purchase of the Class Tires that is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7).  As a part of the implied warranty of merchantability, Defendants warranted that the Class Tires would pass without objection in the trade as designed, manufactured, and marketed, and were adequately labeled.

86.  Defendants breached these implied warranties, as described in more detail above, and are therefore liable to Plaintiffs and the Class, pursuant to 15 U.S.C. § 2310(d)(1).

87.  Any efforts to limit the implied warranties in a manner that would exclude coverage of the Class Tires is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the Class Tires is null and void.

88.  Plaintiffs and the Class Members have had sufficient direct dealings with the Defendants, or their agents to establish privity of contract.

89.  Nonetheless, privity is not required here because Plaintiffs and Class Members are intended third-party beneficiaries of contracts between Defendants and distributors, and specifically, of the implied warranties.  The distributors were not intended to be the ultimate consumers of the Class Tires and have no rights under the warranty agreements provided with the Class Tires; the warranty agreements were designed for and intended to benefit consumers.

90.  Pursuant to 15 U.S.C. § 2310(e), Plaintiffs are entitled to bring this class action and are not required to give Defendants notice and an opportunity to cure until such time as the Court determines the representative capacity of Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure.

91.  Plaintiffs' individual claims place into controversy an amount equal to or exceeding $25.00.  The amount in controversy of this entire action exceeds the sum of $50,000.00, exclusive of interest and costs, computed on the basis of all claims to be determined in this action.  Plaintiffs, individually and on behalf of the Class

Members, seek all damages permitted by law.  In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs and Class Members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorney fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiffs and Class Members in connection with the commencement and prosecution of this action.

92.  Plaintiffs and Class Members have suffered damages as set forth herein as a direct and proximate result of Defendants' breach of implied warranty since Plaintiff and Class Members purchased the Class Tires.

93.  Plaintiffs and the Class Members are entitled to actual damages, restitution, disgorgement, and such other relief as the Court deems proper.

94.  Further, Plaintiffs and the Class Members are also entitled to equitable relief under 15 U.S.C. §2310(d)(1).

## FIFTH CLAIM FOR RELIEF

### Negligent Failure to Recall/Retrofit

### (Brought on Behalf of the Nationwide Class)

95.  Plaintiffs bring this claim on behalf of themselves and the Nationwide Class.

96.  Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

97.  Defendants manufactured, marketed, distributed, sold or otherwise placed into the stream of commerce the Class Tires, as set forth herein.

98.  Defendants knew, or reasonable should have known, that the Class Tires were dangerous when used in a reasonably foreseeable manner, and posed an unreasonable risk of harm to consumers.

99.  Defendants became aware that the Class Tires were dangerous when used in a reasonably foreseeable manner, and posed an unreasonable risk after the Class Tires were sold.

100. Defendants failed to recall or retrofit the Class Tires in a timely manner, or at all, or warn the public or consumers of the dangers posed by the Class Tires.

101. A reasonable manufacturer in the same or similar circumstances would have timely recalled or retrofitted the Class Tires, or warned of the dangers.

102. Plaintiffs and Class members were harmed by Defendants' failure to recall, retrofit or warn of the dangers of the Class Tires properly and in a timely manner, and, as a result, have suffered damages, including out-of-pocket costs and economic losses, as a result of Defendants' ongoing failure to recall, retrofit, warn and/or fully repair the Class Tires.

103. As a direct and proximate result of Defendants' conduct as described above, Plaintiffs and Class members have suffered damages as set forth herein.

## SIXTH CLAIM FOR RELIEF

**Violation of California's Consumer Legal Remedies Act ("CLRA")**

**(Cal. Civ. Code § 1750, *et seq.*)**

**(Brought on Behalf of the California Class)**

104. Plaintiffs Julie Hamilton and Jerad Hamilton bring this claim on behalf of themselves and the California Class.

105. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

106. Each Defendant is a "person" as defined by the CLRA. Cal. Civ. Code § 1761(c).

107. Plaintiffs and Class Members are "consumers" within the meaning of the CLRA, as defined by Cal. Civ. Code § 1761(d), who purchased Class Tires.

108. The CLRA prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a).

109. Defendants engaged in unfair or deceptive trade practices that violated Cal. Civ. Code § 1770(a), as described above and below, by, among other things,

failing to disclose the defective and dangerous nature of the Class Tires, representing that the Class Tires had characteristics and benefits (e.g., safety, durability, performance) that they do not have, and representing that the Class Tires were of a particular standard, quality, or grade when they were of another.  *See* Cal. Civ. Code §§ 1770(a)(5), (7).

110. Defendants knew or should have known that its conduct violated the CLRA.

111. Defendants' unfair and deceptive acts or practices occurred repeatedly in Defendants' course of trade or business, were material, were capable of deceiving a substantial portion of the purchasing public, and imposed a safety risk on the public.

112. Defendants knew that the Class Tires would not perform as promised and were not suitable for their intended use, and were defectively designed and/or manufactured.

113. Defendants were under a duty to Plaintiffs and Class Members to disclose the deceptive and defective nature of the Class Tires because:

a.      The defect in the Class Tires presents a safety hazard in that it causes a tire failure, including tread separation in the Class Tires;

b.      Defendants are in a superior position to know the true facts about the safety defect in the Class Tires;

c.      Plaintiffs and Class Members could not reasonably have been expected to learn or discover that the Class Tires contained the safety defect; and

d.      Defendants knew that Plaintiffs and Class Members could not reasonably have been expected to learn or discover the safety defect before its manifestation.

114. In failing to disclose the defective nature of the Class Tires, Defendants knowingly and intentionally concealed material facts and breached their duty not to do so.

///

115. The facts that were misrepresented, concealed or not disclosed by Defendants to Plaintiffs and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether or not to purchase the Class Tires.  Moreover, a reasonable consumer would consider the tire failure and/or tread separation to pose a serious safety risk.  Had Plaintiffs and Class Members known about the true nature and quality of the Class Tires, they would not have purchased or acquired them since they have a complete loss of value.

116. Plaintiffs and Class Members are reasonable consumers who do not expect their Class Tires to pose serious safety risks when driving.  This is a reasonable and objective consumer expectation relating to a trailer tire.

117. As a proximate result of Defendants' violations of the CLRA, Plaintiffs seek an order of this Court permanently enjoining Defendants from perpetrating their deceptive and unlawful marketing practices.

<strong><u>SEVENTH CLAIM FOR RELIEF</u></strong>

<strong>Violation of California's Unfair Competition Law,</strong>

<strong>(Cal. Bus & Prof. Code §§17200, <em>et seq.</em>)</strong>

<strong>(Brought on Behalf of the California Class)</strong>

118. Plaintiffs Julie Hamilton and Jerad Hamilton bring this claim on behalf of themselves and the California Class.

119. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

120. California Business and Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice."  Defendants engaged in conduct that violated each of the statute's three prongs.

121. Defendants committed an *unlawful business act or practice* in violation of Cal. Bus. & Prof. Code § 17200, *et seq.* by their violation of the following:

a)     Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, as set forth herein, by the acts, practices, omissions and misrepresentations set forth in this Complaint;

b)     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by the acts, practices, omissions and misrepresentations set forth in this Complaint; and

c)     Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, by the acts, practices, omissions and misrepresentations set forth in this Complaint;

122.  Defendants committed *unfair business acts and practices* in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, when they concealed the existence and nature of the tire failure and tread separation defect, and represented that the Class Tires were safe, durable and would perform under ordinary conditions, when, in fact, the Class Tires do not have these characteristics.  The tire failure/tread separation defect presents a safety hazard since a tire failure on the roadway is a dangerous and potentially life-threatening event.

123. Defendants committed *fraudulent business acts and practices* in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* when they concealed the existence of the defects and dangers of the Class Tires as set forth herein, while representing in their marketing, advertising, and other broadly disseminated representations that the Class Tires were safe, durable, and would perform in ordinary driving conditions. Defendants' representations and active concealment of the tire failure and tread separation defect are likely to mislead the public with regard to the true defective nature of the Class Tires.

124. Defendants' unfair or deceptive acts or practices occurred repeatedly in the course of their trade or business, and were capable of deceiving a substantial portion of the purchasing public.

///

///

125. As a direct and proximate result of Defendants' unfair and deceptive practices, Plaintiffs and Class Members have suffered and will continue to suffer actual damages.

126. As a result of its unfair and deceptive conduct, Defendants have been unjustly enriched and should be required to disgorge their unjust profits and make restitution to Plaintiffs and Class Members, and pay for the attorney fees of Plaintiffs and Class Members.

## EIGHTH CLAIM FOR RELIEF

### Violation of California False Advertising Law,

### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

### (Brought on Behalf of the California Class)

127. Plaintiffs Julie Hamilton and Jerad Hamilton bring this claim on behalf of themselves and the California Class.

128. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

129. Cal. Bus. & Prof. Code § 17500 states:  "It is unlawful for any … corporation … with intent directly or indirectly to dispose of real or personal property … to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, … or in any other manner or means whatever, including over the internet, any statement … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

130. Defendants caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, touting the benefits of the Class Tires while concealing the presence of the tire failure and tread separation defect.  These representations and active concealment of the defects and dangers were calculated to deceive the public,

and were known, or by the exercise of reasonable care, should have been known to Defendants, to be untrue and misleading to consumers, including Plaintiffs and Class members.

131. Defendants have violated Cal. Bus. & Prof. Code § 17500 because the misrepresentations and omissions regarding the safety, durability and performance of the Class Tires as set forth in this Complaint were material and likely to deceive a reasonable consumer.

132. Plaintiffs and Class members have suffered an injury in fact, including the loss of money or property, as a result of Defendants' unfair, unlawful, and/or deceptive practices.  In purchasing the Class Tires, Plaintiffs and Class Members relied on the misrepresentations and/or omissions of Defendants with respect to the safety, performance and reliability of the Class Tires.

133. Defendants' representations were false because the Class Tires were faulty and defective.  Had Plaintiffs and Class members known this, they would not have purchased or acquired the Class Tires or paid substantially less for them.  Thus, Plaintiffs and Class members did not receive the benefit of the bargain.

134. Plaintiffs and Class members request that the Court enter such orders and judgments as may be necessary to enjoin Defendants from continuing their unfair, unlawful and/or deceptive practices and to restore to Plaintiffs and Class Members any money Defendants acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief as set forth below.

## NINTH CLAIM FOR RELIEF

### Breach of Express Warranty

### (Cal. Com. Code §§ 2313 and 10210)

### (Brought on Behalf of the California Class)

135. Plaintiffs Julie Hamilton and Jerad Hamilton bring this claim on behalf of themselves and the California Class.

///

136. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

137. Defendants were at all relevant times "merchants" with respect to the Class Tires under Cal. Com. Code §§ 2104(1) and 10103(c), and "sellers" under § 2103(1)(d).

138. The Class Tires were at all relevant times "goods" within the meaning of Cal. Com. Code §§ 2105(1) and 10103(a)(8).

139. In connection with the purchase of the Class Tires, Defendants provided an express Limited Warranty Against Defects in Workmanship and Materials for the life of the original tread, or five years from date of purchase (whichever comes first).

140. Further, by advertising that the Class Tires were safe, durable and would perform under ordinary driving conditions, Defendants expressly warranted to Plaintiffs and Class Members that the Class Tires at least complied with all applicable laws and regulations relating to tires and tire safety.

141. Moreover, through its advertising, marketing and promotional representations, Defendants warranted to purchasers of the Class Tires that the tires would be safe, durable and would perform under ordinary driving conditions.  Such statements became the basis of the bargain for Plaintiffs and Class Members because such statements are among the facts a reasonable consumer would consider material in the purchase of trailer tires.

142. Defendants breached these express warranties because the Class Tires did not have the safety, durability and performance characteristics warranted by Defendants.

143. As a direct and proximate result of the breach of the express warranties by Defendants, Plaintiffs and Class Members have been damaged in an amount to be determined at trial.

///

///

**TENTH CLAIM FOR RELIEF**

**Breach of Implied Warranty of Merchantability**

**(Cal. Com. Code §§ 2314 and 10212)**

**(Brought on Behalf of the California Class)**

144.  Plaintiffs Julie Hamilton and Jerad Hamilton bring this claim on behalf of themselves and the California Class.

145.  Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this amended Complaint.

146.  Defendants were at all relevant times "merchants" with respect to the Class Tires under Cal. Com. Code §§ 2104(1) and 10103(c), and "sellers" of the Class Tires under §2103(1)(d).

147.  The Class Tires were at all relevant times "goods" within the meaning of Cal. Com. Code §§ 2105(1) and 10103(a)(8).

148.  A warranty that the Class Tires were in merchantable condition and fit for the ordinary purpose for which tires are used is implied by law pursuant to Cal. Com. Code §§ 2314 and 10212.

149. The Class Tires, when sold and marketed, and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which tires are used.  Specifically, the Class Tires are defective and dangerous in that they are not safe and durable, do not perform under ordinary driving conditions, and are likely to fail while being operated.

150.  Defendants breached the implied warranty of merchantability when they sold and marketed Plaintiffs and Class Members the Class Tires, which did not conform to the promises or affirmations of fact contained in the advertising, promotional, marketing and warranty written materials relating to the Class Tires, and provided to Plaintiffs and Class Members.

151.  As a direct and proximate result of the breach of the implied warranty by Defendants, Plaintiffs and Class Members have been damaged in an amount to be

determined at trial.

## ELEVENTH CLAIM FOR RELIEF

### Violation of Arizona Consumer Fraud Statute,

### (Ariz. Revised Stat. §§ 44-1521, *et seq.*)

### (Brought on Behalf of the Arizona Class)

152. Plaintiff Kyle McLean hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

153. Plaintiff Kyle McLean brings this cause of action on behalf of himself and the Arizona Class.

154. Defendants, Plaintiff Kyle McLean, and the Arizona Subclass are "persons" within the meaning of the Arizona Consumer Fraud Act ("ACFA"), Ariz. Rev. Stat. § 44-1521(6).

155. The Class Tires are "merchandise" within the meaning of Ariz. Rev. Stat. § 44-1521(5).

156. The ACFA provides that "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, … misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale … of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice."  Ariz. Rev. Stat. §44-1522(A).

157. Defendants concealed and suppressed material facts relating to the Class Tires by engaging in the acts and practices alleged above.  These practices constitute fraud, false promise, misrepresentation, concealment and suppression.

158. Plaintiff and members of the Arizona Subclass had no way of discerning that Defendants' representations were false and misleading, and relied on Defendants' deceptive representations in purchasing the Class Tires, believing that the Class Tires were safe, durable and performed under ordinary operating conditions.

159. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff Kyle McLean and Class Members have been damaged in an amount to be determined at trial.

160. Plaintiff Kyle McLean and Class Members also seek punitive damages because Defendants engaged in aggravated and outrageous conduct with an evil mind.

**TWELFTH CLAIM FOR RELIEF**

**BREACH OF EXPRESS WARRANTY**

**(Ariz. Rev. Stat. §§ 47-2313 and 47-2A210)**

**(Brought on Behalf of the Arizona Class)**

161. Plaintiff Kyle McLean hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

162. Plaintiff Kyle McLean brings this cause of action on behalf of himself and the Arizona Class.

163. The Defendants were at all relevant times "merchants" with respect to trailer tires under Ariz. Rev. Stat. §§ 47-2104(A) and 47-2A103(c); and are a "seller" of trailer tires under Ariz. Rev. Stat. § 47-2103(A)(4).

164. The Class Tires were at all relevant times "goods" within the meaning of Ariz. Rev. Stat. §§ 47-2105(A) and 47-2a103(A)(8).

165. In connection with the purchase of the Class Tires, Defendants provided an express Limited Warranty Against Defects in Workmanship and Materials for the life of the original tread, or five years from date of purchase (whichever comes first).

166. Further, by advertising that the Class Tires were safe, durable and would perform under ordinary driving conditions, Defendants expressly warranted to Plaintiff and Class Members that the Class Tires at least complied with all applicable laws and regulations relating to tires and tire safety.

167. Moreover, through its advertising, marketing and promotional representations, Defendants warranted to purchasers of the Class Tires that the tires

would be safe, durable and would perform under ordinary driving conditions. Such statements became the basis of the bargain for Plaintiff and Class Members because such statements are among the facts a reasonable consumer would consider material in the purchase of trailer tires.

168. Defendants breached these express warranties because the Class Tires did not have the safety, durability and performance characteristics warranted by Defendants.

169. As a direct and proximate result of the breach of the express warranties by Defendants, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### THIRTEENTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### (Ariz. Rev. Stat. §§ 47-2314 and 47-2A212)
### (Brought on Behalf of the Arizona Class)

170. Plaintiff Kyle McLean hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

171. Plaintiff Kyle McLean brings this cause of action on behalf of himself and the Arizona Class.

172. Defendants were at all relevant times "merchants" with respect to trailer tires under Ariz. Rev. Stat. §§ 47-2104(A) and 47-2a103(c); and a "seller" of trailer tires under Ariz. Rev. Stat. § 47-2103(A)(4).

173. The Class Tires were at all relevant times "goods" within the meaning of Ariz. Rev. Stat. §§ 47-2105(A) and 47-2a103(A)(8).

174. A warranty that the Class Tires were in merchantable condition and fit for the ordinary purpose for which tires are used is implied pursuant to Ariz. Rev. Stat. §§ 47-2314 and 47-2a212.

175. The Class Tires, when sold and marketed, and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which

tires are used.  Specifically, the Class Tires are defective and dangerous in that they are not safe and durable, do not perform under ordinary driving conditions and are likely to experience a tire failure or tread separation while being driven.

176.   Defendants were provided notice of these issues by numerous individual letters and communications sent by Plaintiff and Class members regarding the failure of the Class Tires.

177.   As a direct and proximate result of the breach of the implied warranty by Defendants, Plaintiff McLean and Arizona class members have been damaged in an amount to be determined at trial.

## FOURTEENTH CLAIM FOR RELIEF

### Violations of the Colorado Consumer Protection Act

### (Col. Rev. Stat. section 6-1-101, *et seq.*)

### (Brought on Behalf of the Colorado Class)

178.   Plaintiff Sam Flowers hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

179.   Plaintiff Sam Flowers brings this cause of action on behalf of himself and the Colorado Class.

180.   Defendants are "person[s]" under section 6-1-102(6) of the Colorado Consumer Protection Act ("Colorado CPA"), Col. Rev. Stat. section 6-1-101, *et seq.*

181.   Plaintiff and Colorado Class members are "consumers" for purposes of Col. Rev. Stat section 6-1-113(1)(a) who purchased or acquired the Class Tires.

182.   The Colorado CPA prohibits deceptive trade practices in the course of a person's business.  Defendants engaged in deceptive trade practices prohibited by the Colorado CPA, including: 1) knowingly making a false representation as to the characteristics, uses and benefits of the Class Tires that had the capacity or tendency to deceive Colorado Class members, 2) representing that the Class Tires are of a particular standard, quality, and grade even though Defendants knew or should have known they are not, 3) advertising the Class Tires with the intent not to sell them as

advertised, and 4) failing to disclose material information concerning the Class Tires that was known to Defendants at the time of advertisement or sale with the intent to induce Colorado Class members to purchase or acquire the Class Tires.

183.   In the course of their business, Defendants concealed and suppressed material facts concerning the Class Tires.   Plaintiff and the Colorado Class members had no way of knowing that Defendants' representations were false and misleading since Defendants' concealed the risks and dangers of the Class Tires.  Plaintiff and the Colorado Class members could not ascertain Defendants' deception on their own.

184.   Defendants therefore violated the CPA by, among other things, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or acquisition of Class Tires.

185.   Defendants engaged in misleading, false, unfair or deceptive acts or practices that violated the Colorado CPA by failing to disclose and actively concealing the risks and dangers of the Class Tires, by marketing the Class Tires as reliable, safe and durable, and by presenting themselves as reputable manufacturers and distributors that valued safety and durability, and stood behind the Class Tires after they were sold or acquired.

186.   Defendants' actions as set forth above occurred in the conduct of trade or commerce.

187.   Defendants intentionally and knowingly misrepresented material facts regarding the Class Tires with the intent to mislead Plaintiff and the Colorado Class members.

188.   Defendants knew or should have known that their conduct violated the Colorado CPA.

189.   Defendants owed Plaintiff and Class members a duty to disclose safety risks because Defendants 1) possessed exclusive knowledge that they were

manufacturing, selling and distributing Class Tires throughout the United States that were not safe and durable, would not perform under ordinary driving conditions, and contained tire failure and tread separation defects, 2) intentionally concealed the above from Plaintiff and Class members, and/or 3) made incomplete representations about the safety, durability and performance of the Class Tires generally, while purposefully withholding material facts from Plaintiff and Class members that contradicted the representations.

190.    Defendants' conduct and concealment of the true characteristics of the Class Tires were material to Plaintiff and the Colorado Class members.

191.    Defendants' unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and Class members, about the safety, durability and performance of the Class Tires, as well as the absence of any value to the Class Tires.

192.    Plaintiff and the Colorado Class members suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' misrepresentations and concealment of and failure to disclose material information. Plaintiffs and the Colorado Class members who purchased or acquired the Class Tires would not have purchased or acquired them at all if the true nature of the Class Tires had been disclosed.

193.    Defendants had an ongoing duty to consumers of the Class Tires to refrain from unfair and deceptive practices under the Colorado CPA.  Plaintiff and the Colorado Class members suffered ascertainable losses and damages as a result of Defendants' deceptive and unfair acts and practices made in the course of business.

194.    Plaintiff and the Colorado Class members risk irreparable injury as a result of Defendants' acts and omissions in violation of the Colorado CPA, and these violations present a continuing risk to Plaintiff as well as to the general public. Defendants' unlawful acts and practices set forth herein affect the public interest.

195.    As a direct and proximate result of Defendants' violations of the

Colorado CPA, Plaintiff and the Colorado Class members have suffered injury-in-fact and/or actual damage.

196.  Pursuant to Colo. Rev. Stat. section 6-1-113, Plaintiff, individually and on behalf of the Colorado Class, seeks monetary relief against Defendants measured as the greater of (a) actual damages in an amount to be determined at trial and discretionary trebling of such damages, or (b) statutory damages in the amount of $500 for each Plaintiff and each Colorado Class member.

197.  Plaintiff also seeks an order enjoining Defendants' unfair, unlawful, and/or deceptive practices, declaratory relief, attorney fees, and any other just and proper relief available under the Colorado CPA.

## FIFTEENTH CLAIM FOR RELIEF

### Breach of the Implied Warrant of Merchantability

### (Col. Rev. Stat. sections 4-2-313 and 4-2.5-212)

### (Brought on Behalf of the Colorado Class)

198.  Plaintiff Sam Flowers hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

199.  Plaintiff Sam Flowers brings this cause of action on behalf of himself and the Colorado Class.

200.  The Defendants are and were at all relevant times "merchants" with respect to trailer tires under Colo. Rev. Stat. sections 4-2-104(1) and 4-2.5-103(3), and "sellers" of trailer tires under section 4-2-103(1)(d).

201.  The Class Tires are and were at all relevant times "goods" within the meaning of Colo. Rev. Stat. sections 4-2-105(1) and 4-2.5-103(1)(h).

202.  A warranty that the Class Tires were in merchantable condition and fit for the ordinary purpose for which s are used is implied by law pursuant to Colo. Rev. Stat. sections 4-2-313 and 4-2.5-212.

203.  The Class Tires, when sold or acquired and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which

trailer tires are used.    Specifically, the Class Tires are defective and dangerous in that they are not safe and durable, do not perform under ordinary driving conditions, and are likely to fail while being operated.

204.   Defendants breached the implied warranty of merchantability when they sold and marketed to Plaintiff and Class members the Class Tires, which did not conform to the promises or affirmations of fact contained in the advertising, promotional, marketing and warranty written materials relating to the Class Tires, and provided to Plaintiffs and Class Members.

205.   Defendants were provided notice of these issues by numerous complaint letters and communications sent by Class members within a reasonable amount of time after the defects became known.

206.   As a direct and proximate result of the breach of the implied warranty of merchantability by Defendants, Plaintiff and the Colorado Class members have been damaged in an amount to be proven at trial.

## SIXTEENTH CLAIM FOR RELIEF

### Breach of Express Warranty

### (Colo. Rev. Stat. sections 4-2-313 and 4-2.5-210)

### (Brought on Behalf of the Colorado Class)

207.  Plaintiff Sam Flowers hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

208.   Plaintiff Sam Flowers brings this cause of action on behalf of himself and the Colorado Class.

209.   Defendants are and were at all times "merchants" with respect to trailer tires under Colo. Rev. Stat. sections 4-2-104(1) and 4-2.5-103(3), and "sellers" of trailer tires under section 4-2-103(1)(d).

210.   The Class Tires are and were at all relevant times "goods" within the meaning of Colo. Rev. Stat. sections 4-2-105(1) and 4-2.5-103(1)(h).

211.   In connection with the purchase or acquisition of the Class Tires,

Defendants provided an express Limited Warranty Against Defects in Workmanship and Materials for the life of the original tread, or five years from date of purchase (whichever comes first).

212.   The Defendants' warranty formed a basis of the bargain that was reached when Plaintiff and Colorado Class members purchased or acquired the Class Tires.

213.   Plaintiff and the Colorado Class members experienced defects within the warranty period.  Despite the existence of the warranty, Defendants failed to inform Plaintiff and the Colorado Class members that the Class Tires were defective and unsafe, and prone to failure and tread separation.

214.   The Defendants breached the express warranty provided to Plaintiff and Colorado Class members.   The Defendants have not replaced the Class Tires, and have been unable to repair or adjust the Class Tires' materials and defects.

215.   Furthermore, the Limited Warranty Against Defects in Workmanship and Materials fails in its essential purpose because the remedy is insufficient to make Plaintiff and the Colorado Class members whole because Defendants have failed and/or refused to adequately provide the promised remedies within a reasonable time.

216.   Thus, recovery by Plaintiffs and the Colorado Class members is not restricted to the limited warranty promising to repair and/or correct a manufacturing defect, and Plaintiff, individually and on behalf of the Colorado Class members, seeks all remedies allowed by law.

217.   Further, as alleged in more detail herein, at the time the Class Tires were sold or acquired, Defendants knew that the Class Tires were defective and dangerous, and did not conform to their warranty.  Defendants wrongfully and fraudulently concealed material facts regarding the Class Tires.  Plaintiff and the Colorado Class members were therefore induced to purchase or acquire the Class Tires under false and/or fraudulent pretenses.

218.   Moreover, the injuries and damages flowing from the Class Tires cannot

be resolved though the limited remedy of replacements or adjustments since the Class Tires are defective and dangerous, and because of Defendants' failure and/or continued failure to provide such limited remedy within a reasonable time, any limitation on the remedies of the Plaintiff and Colorado Class members would be insufficient to make Plaintiff and the Colorado Class members whole.

219.   Further, as a result of the Defendants' breach of warranty as set forth herein, Plaintiff and the Colorado Class members assert, as additional and/or alternative remedies, the revocation of acceptance of the goods and the return to Plaintiff and the Colorado Class members of the purchase or acquisition price of all Class Tires currently owned or acquired, and for such other incidental and consequential damages, as allowed.

220.   The Defendants were provided notice of these issues by the Complaint and Amended Complaint herein, and consumer complaints and correspondence regarding the Class Tires, within a reasonable amount of time.

221.   As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff and the Colorado Class members have been damaged in an amount to be determined at trial.

## SEVENTEENTH CLAIM FOR RELIEF

### Violations of Florida's Unfair & Deceptive Trade Practices Act

### (Fla. Stat. section 501.201, *et seq.*)

### (Brought on Behalf of the Florida Class)

222.  Plaintiff Nestor Diaz hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

223.   Plaintiff Nestor Diaz brings this cause of action on behalf of himself and the Florida Class.

224.   Plaintiff is a "consumer" within the meaning of the Florida Unfair and Deceptive Trade Practices Act ("FTPA"), Fla. Stat. section 501.203(7).

///

225.   Defendants are engaged in "trade or commerce" within the meaning of Fla. Stat. section 501.203(8).

226.   FTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce …." Fla. Stat. section 501.204(1).  Defendants participated in unfair and deceptive trade practices that violated FTPA as described herein.

227.   Defendants committed unfair business acts and practices when they concealed the existence and nature of the tire failure and tread separation defect, and represented that the Class Tires were safe, durable and would perform under ordinary conditions, when, in fact, the Class Tires do not have these characteristics.  The tire failure/tread separation defect presents a safety hazard since a tire failure on the roadway is a dangerous and potentially life-threatening event.

228.   Further, Defendants committed deceptive acts and practices when they concealed the existence of the defects and dangers of the Class Tires as set forth herein, while representing in their marketing, advertising, and other broadly disseminated representations that the Class Tires were safe, durable, and would perform in ordinary driving conditions.  Defendants' representations and active concealment of the tire failure and tread separation defect are likely to mislead the public with regard to the true defective nature of the Class Tires.

229.   Defendants therefore violated the FTPA by, among other things, engaging in deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission, in connection with the sale and/or acquisition of Class Tires.

230.   Defendants owed Plaintiff and Class members a duty to disclose safety risks because Defendants 1) possessed exclusive knowledge that they were manufacturing, selling and distributing Class Tires throughout the United States that were not safe and durable, would not perform under ordinary driving conditions, and contained tire failure and tread separation defects, 2) intentionally concealed the above from Plaintiff and Class members, and/or 3) made incomplete representations

about the safety, durability and performance of the Class Tires generally, while purposefully withholding material facts from Plaintiff and Class members that contradicted the representations.

231.  Defendants' conduct and concealment of the true characteristics of the Class Tires were material to Plaintiff and the Florida Class members.

232.  Defendants' unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and Class members, about the safety, durability and performance of the Class Tires, as well as the absence of any value to the Class Tires.

233.  Plaintiff and the Florida Class members suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' misrepresentations and concealment of and failure to disclose material information.  Plaintiffs and the Florida Class members who purchased or acquired the Class Tires would not have purchased or acquired them at all if the true nature of the Class Tires had been disclosed.

234.  Defendants had an ongoing duty to consumers of the Class Tires to refrain from unfair and deceptive practices under the Florida FTPA.  Plaintiff and the Florida Class members suffered ascertainable losses and damages as a result of Defendants' deceptive and unfair acts and practices made in the course of business.

235.  Plaintiff and the Florida Class members risk irreparable injury as a result of Defendants' acts and omissions in violation of the Florida FTPA, and these violations present a continuing risk to Plaintiff as well as to the general public. Defendants' unlawful acts and practices set forth herein affect the public interest.

236.  As a direct and proximate result of Defendants' violations of the Florida FTPA, Plaintiff and the Florida Class members have suffered injury-in-fact and/or actual damage.

///

///

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

237.   Plaintiff and the Florida Class members are entitled to recover their actual damages under Fla. Stat. section 501.211(2) and attorney fees under Fla. Stat. section 501.2105.(1).

238.   Plaintiff also seeks an order enjoining Defendants' unfair, unlawful and/or deceptive practices, declaratory relief, attorney fees, and any other just and proper relief available under the FTPA.

## EIGHTEENTH CLAIM FOR RELIEF

### Breach of Express Warranty

### (F.S.A. sections 672.313 and 680.21)

### (Brought on Behalf of the Florida Class)

239.   Plaintiff Nestor Diaz hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

240.   Plaintiff Nestor Diaz brings this cause of action on behalf of himself and the Florida Class.

241.   Defendants are and were at all relevant times "merchants" with respect to trailer tires under F.S.A. sections 672.104(1) and 680.1031(3)(k), and "sellers" of motor s under section 672.103(1)(d).

242.   The Class Tires are and were at all relevant times "goods" within the meaning of F.S.A. sections 672.105(1) and 680.1031(1)(h).

243.   In connection with the purchase or acquisition of the Class Tires, Defendants provided an express Limited Warranty Against Defects in Workmanship and Materials for the life of the original tread, or five years from date of purchase (whichever comes first).

244.   The Defendants' warranty formed a basis of the bargain that was reached when Plaintiff and Florida Class members purchased or acquired the Class Tires.

245.   Plaintiff and the Florida Class members experienced defects within the warranty period.  Despite the existence of the warranty, Defendants failed to inform

Plaintiff and the Florida Class members that the Class Tires were defective and unsafe, and prone to failure and tread separation.

246.   The Defendants breached the express warranty provided to Plaintiff and Florida Class members.   The Defendants have not replaced the Class Tires, and have been unable to repair or adjust the Class Tires' materials and defects.

247.   Furthermore, the Limited Warranty Against Defects in Workmanship and Materials fails in its essential purpose because the remedy is insufficient to make Plaintiff and the Florida Class members whole because Defendants have failed and/or refused to adequately provide the promised remedies within a reasonable time.

248.   Thus, recovery by Plaintiffs and the Florida Class members is not restricted to the limited warranty promising to repair and/or correct a manufacturing defect, and Plaintiff, individually and on behalf of the Florida Class members, seeks all remedies allowed by law.

249.   Further, as alleged in more detail herein, at the time the Class Tires were sold or acquired, Defendants knew that the Class Tires were defective and dangerous, and did not conform to their warranty.  Defendants wrongfully and fraudulently concealed material facts regarding the Class Tires.  Plaintiff and the Florida Class members were therefore induced to purchase or acquire the Class Tires under false and/or fraudulent pretenses.

250.   Moreover, the injuries and damages flowing from the Class Tires cannot be resolved though the limited remedy of replacements or adjustments since the Class Tires are defective and dangerous, and because of Defendants' failure and/or continued failure to provide such limited remedy within a reasonable time, any limitation on the remedies of the Plaintiff and Florida Class members would be insufficient to make Plaintiff and the Florida Class members whole.

251.   Further, as a result of the Defendants' breach of warranty as set forth herein, Plaintiff and the Florida Class members asserts, as additional and/or alternative remedies, the revocation of acceptance of the goods and the return to

Plaintiff and the Florida Class members of the purchase or acquisition price of all Class Tires currently owned or acquired, and for such other incidental and consequential damages, as allowed.

252.   The Defendants were provided notice of these issues by the Complaint and Amended Complaint herein, and consumer complaints and correspondence regarding the Class Tires, within a reasonable amount of time.

253.   As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff and the Florida Class members have been damaged in an amount to be determined at trial.

## NINETEENTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### (F.S.A. section 672.314 and 680.212)
### (Brought on Behalf of the Florida Class)

254.   Plaintiff Nestor Diaz hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

255.   Plaintiff Nestor Diaz brings this cause of action on behalf of himself and the Florida Class.

256.   Defendants are and were at all relevant times "merchants" with respect to trailer tires under F.S.A. sections 672.104(1) and 680.1031(3)(k), and "sellers" of trailer tires under section 672.103(1)(d).

257.   The Class Tires are and were at all relevant times "goods" within the meaning of F.S.A. sections 672.105(1) and 680.1031(1)(h).

258.   A warranty that the Class Tires were in merchantable condition and fit for the ordinary purpose for which trailer tires are used is implied pursuant to F.S.A. sections 672.314 and 680.212.

259.   The Class Tires, when sold or acquired and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which trailer tires are used.   Specifically, the Class Tires are defective and dangerous in

that they are not safe and durable, do not perform under ordinary driving conditions, and are likely to fail while being operated.

260.   Defendants breached the implied warranty of merchantability when they sold and marketed to Plaintiff and Florida Class Members the Class Tires, which did not conform to the promises or affirmations of fact contained in the advertising, promotional, marketing and warranty written materials relating to the Class Tires, and provided to Plaintiff and Florida Class Members.

261.   Defendants were provided notice of these issues by numerous complaint letters and communications sent by Class members within a reasonable amount of time after the defects became known.

262.   As a direct and proximate result of the breach of the implied warranty of merchantability by Defendants, Plaintiff and the Florida Class Members have been damaged in an amount to be proven at trial.

## TWENTIETH CLAIM FOR RELIEF

### Violations of New York General Business Law section 349

### (N.Y. Gen. Bus. Law section 349)

### (Brought on Behalf of the New York Class)

263.   Plaintiff George Armstrong hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

264.   Plaintiff George Armstrong brings this cause of action of behalf of himself and the New York Class.

265.   Plaintiff, the New York Class Members and Defendants are "persons" under N.Y. Gen. Bus. Law section 349(h), the New York Deceptive Acts and Practices Act. ("NYDAPA").

266.   Defendants' actions as set forth herein occurred in the conduct of trade or commerce under the NYDAPA.

267.   NYDAPA makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law section 349.  Defendants'

conduct, as set forth herein, constitutes deceptive acts or practices under this section.

268.   Defendants committed unfair business acts and practices when they concealed the existence and nature of the tire failure and tread separation defect, and represented that the Class Tires were safe, durable and would perform under ordinary conditions, when, in fact, the Class Tires do not have these characteristics.  The tire failure/tread separation defect presents a safety hazard since a tire failure on the roadway is a dangerous and potentially life-threatening event.

269.   Further, Defendants committed deceptive acts and practices when they concealed the existence of the defects and dangers of the Class Tires as set forth herein, while representing in their marketing, advertising, and other broadly disseminated representations that the Class Tires were safe, durable, and would perform in ordinary driving conditions.  Defendants' representations and active concealment of the tire failure and tread separation defect were likely to and did mislead the public with regard to the true defective nature of the Class Tires.

270.   Defendants therefore violated the NYDAPA by, among other things, engaging in deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission, in connection with the sale and/or acquisition of Class Tires.

271.   Defendants owed Plaintiff and Class members a duty to disclose safety risks because Defendants 1) possessed exclusive knowledge that they were manufacturing, selling and distributing Class Tires throughout the United States that were not safe and durable, would not perform under ordinary driving conditions, and contained tire failure and tread separation defects, 2) intentionally concealed the above from Plaintiff and Class members, and/or 3) made incomplete representations about the safety, durability and performance of the Class Tires generally, while purposefully withholding material facts from Plaintiff and Class members that contradicted the representations.

272.   Defendants' conduct and concealment of the true characteristics of the Class Tires were material to Plaintiff and the New York Class members.

273.   Defendants' unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and Class members, about the safety, durability and performance of the Class Tires, as well as the absence of any value to the Class Tires.

274.   Plaintiff and the New York Class members suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' misrepresentations and concealment of and failure to disclose material information. Plaintiff and the New York Class members who purchased or acquired the Class Tires would not have purchased or acquired them at all if the true nature of the Class Tires had been disclosed.

275.   Defendants had an ongoing duty to consumers of the Class Tires to refrain from unfair and deceptive practices under the NYDAPA.  Plaintiff and the New York Class members suffered ascertainable losses and damages as a result of Defendants' deceptive and unfair acts and practices made in the course of business.

276.   Plaintiff and the New York Class members risk irreparable injury as a result of Defendants' acts and omissions in violation of the NYDAPA, and these violations present a continuing risk to Plaintiff as well as to the general public. Defendants' unlawful acts and practices set forth herein affect the public interest.

277.   As a direct and proximate result of Defendants' violations of the NYDAPA, Plaintiff and the New York Class members have suffered injury-in-fact and/or actual damage.

278.   As a result of the foregoing willful, knowing, and wrongful conduct of Defendants, Plaintiff and the New York Class members have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including but not limited to, actual damages of $50.00, whichever is greater, treble damages up to $1,000.00, punitive damages to the extent available under the law, reasonable attorney fees and costs, an order enjoining Defendants' deceptive and unfair conduct, and all other just and appropriate relief under NYDAPA.

## TWENTY-FIRST CLAIM FOR RELIEF

**Violations of New York General Business Law section 350**

**(N.Y. Gen. Bus. Law section 350)**

**(Brought on Behalf of the New York Class)**

279. Plaintiff George Armstrong hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

280. Plaintiff George Armstrong brings this cause of action on behalf of himself and the New York Class.

281. Defendants were engaged in the "conduct of business, trade or commerce," within the meaning of N.Y. Gen. Bus. Law section 350, the New York False Advertising Act. ("NYFAA").

282. The NYFAA makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law section 350. False advertising includes "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of . . . representations [made] with respect to the commodity …." N.Y. Gen. Bus. Law section 350-a.

283. Defendants caused to be made or disseminated through New York, through advertising, marketing, and other publications, statements and omissions that were untrue or misleading, and that were known by Defendants, or that through the exercise or reasonable care, should have been known by Defendants, to be untrue and misleading to Plaintiff and the New York Class members.

284. Defendants made numerous material misrepresentations and omissions of fact with intent to mislead and deceive concerning the Class Tires, particularly regarding the safety, durability and performance of the Class Tires. Specifically, Defendants intentionally concealed and suppressed material facts concerning the Class Tires, touting the benefits of the Class Tires while concealing the presence of the tire failure and tread separation defect.

285.   The misrepresentations and omissions set forth above were material and likely to deceive a reasonable consumer.

286.   Defendants intentionally and knowingly misrepresented material facts regarding the Class Tires with the intent to mislead Plaintiff and New York Class members.

287.   Defendants' false advertising was likely to and did in fact deceive reasonable consumers, including Plaintiff and New York Class members, about the true characteristics of the Class Tires, and the safety, durability and performance of the Class Tires.

288.   Defendants' violations of the NYFAA present a continuing risk to Plaintiff and to New York class members.  Defendants' deceptive acts and practices affect the public interest.

289.   Plaintiff and New York Class members who purchased Class Tires would not have purchased them at all but for Defendants' false advertising in violation of the NYFAA.

290.   Plaintiff and New York Class members have suffered injury-in-fact and/or actual damages and ascertainable loss as a direct and proximate result of the Defendants' false advertising in violation of the NYFAA, including complete lost value for the Class Tires they purchased or acquired, and annoyance, aggravation and inconvenience resulting from Defendants' violations of the NYFAA.

291.   Plaintiff and New York Class members seek monetary relief against Defendants measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $500.00 each for New York Class members.  Because Defendants' conduct was committed willingly and knowingly, Plaintiff and New York Class members are entitled to recover three times actual damages, up to $10,000.00.

292.   Plaintiff and the New York Class members also seek an order enjoining Defendants' false advertising, attorney fees, and any other just and proper relief under

N.Y. Gen. Bus. Law. Section 350.

## TWENTY-SECOND CLAIM FOR RELIEF

### Breach of Implied Warranty of Merchantability

### (N.Y. U.C.C. Law sections 2-314 and 2A-212)

### (Brought on Behalf of the New York Class)

293.    Plaintiff George Armstrong hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

294.    Plaintiff George Armstrong brings this cause of action on behalf of himself and the New York Class.

295.    Defendants are and were at all relevant times "merchants" with respect to trailer tires under N.Y. UCC Law section 2-104(1) and "sellers" of trailer tires under section 2-103(1)(d).

296.    The Class Tires are and were at all relevant times "goods" within the meaning of N.Y. UCC Law sections 2-105(1) and 2A-103(1)(h).

297.    A warranty that the Class Tires were in merchantable condition and fit for the ordinary purpose for which trailer tires are used is implied by law pursuant to N.Y. UCC Law sections 2-314 and 2A-212.

298.    The Class Tires, when sold or acquired and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which trailer tires are used.    Specifically, the Class Tires are defective and dangerous in that they are not safe and durable, do not perform under ordinary driving conditions, and are likely to fail while being operated.

299.    Defendants breached the implied warranty of merchantability when they sold and marketed to Plaintiff and New York Class members the Class Tires, which did not conform to the promises or affirmations of fact contained in the advertising, promotional, marketing and warranty written materials relating to the Class Tires, and provided to Plaintiff and New York Class members.

///

300.   Defendants were provided notice of these issues by numerous complaint letters and communications sent by Class members within a reasonable amount of time after the defects became known.

301.   As a direct and proximate result of the breach of the implied warranty of merchantability by Defendants, Plaintiff and New York Class Members have been damaged in an amount to be proven at trial.

## TWENTY-THIRD CLAIM FOR RELIEF

### Breach of Express Warranty

### (N.Y. U.C.C. Law sections 2-313 and 2A-210)

### (Brought on Behalf of the New York Class)

302.   Plaintiff George Armstrong hereby incorporates by reference the allegations contained in the preceding paragraphs of this amended Complaint.

303.   Plaintiff George Armstrong brings this cause of action on behalf of himself and the New York Class.

304.   Defendants are and were at all relevant times "merchants" with respect to trailer tires under N.Y. UCC Law section 2-104(1) and "sellers" or trailer tires under section 2-103(1)(d).

305.   The Class Tires are and were at all relevant times "goods" within the meaning of N.Y. UCC Law sections 2-105(1) and 2A-103(1)(h).

306.   In connection with the purchase or acquisition of the Class Tires, Defendants provided an express Limited Warranty Against Defects in Workmanship and Materials for the life of the original tread, or five years from date of purchase (whichever comes first).

307.   The Defendants' warranty formed a basis of the bargain that was reached when Plaintiff and New York Class members purchased or acquired the Class Tires.

308.   Plaintiff and the New York Class members experienced defects within the warranty period.  Despite the existence of the warranty, Defendants failed to

inform Plaintiff and the New York Class members that the Class Tires were defective and unsafe, and prone to failure and tread separation.

309.   The Defendants breached the express warranty provided to Plaintiff and New York Class members.   The Defendants have not replaced the Class Tires, and have been unable to repair or adjust the Class Tires' materials and defects.

310.   Furthermore, the Limited Warranty Against Defects in Workmanship and Materials fails in its essential purpose because the remedy is insufficient to make Plaintiff and the New York Class members whole because Defendants have failed and/or refused to adequately provide the promised remedies within a reasonable time.

311.   Thus, recovery by Plaintiffs and the New York Class members is not restricted to the limited warranty promising to repair and/or correct a manufacturing defect, and Plaintiff, individually and on behalf of the New York Class members, seeks all remedies allowed by law.

312.   Further, as alleged in more detail herein, at the time the Class Tires were sold or acquired, Defendants knew that the Class Tires were defective and dangerous, and did not conform to their warranty.  Defendants wrongfully and fraudulently concealed material facts regarding the Class Tires.  Plaintiff and the New York Class members were therefore induced to purchase or acquire the Class Tires under false and/or fraudulent pretenses.

313.   Moreover, the injuries and damages flowing from the Class Tires cannot be resolved though the limited remedy of replacements or adjustments since the Class Tires are defective and dangerous, and because of Defendants' failure and/or continued failure to provide such limited remedy within a reasonable time, any limitation on the remedies of the Plaintiff and New York Class members would be insufficient to make Plaintiff and the New York Class members whole.

314.   Further, as a result of the Defendants' breach of warranty as set forth herein, Plaintiff and the New York Class members assert, as additional and/or alternative remedies, the revocation of acceptance of the goods and the return to

Plaintiff and the New York Class members of the purchase or acquisition price of all Class Tires currently owned or acquired, and for such other incidental and consequential damages, as allowed.

315.   The Defendants were provided notice of these issues by the Complaint and Amended Complaint herein, and consumer complaints and correspondence regarding the Class Tires, within a reasonable amount of time.

316.   As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff and the New York Class members have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of members of the Nationwide Class and their respective State Classes, pray for relief as follows:

1.   An Order certifying the proposed Nationwide Class and State Classes, designating Plaintiffs as the named representatives of the Nationwide Class and respective State Classes, and designating the undersigned as Class Counsel;

2.   A declaration that Defendants are financially responsible for notifying all Class Members about the true nature of the Class Tires;

3.   An Order enjoining Defendants to desist from further unlawful, deceptive, fraudulent, harmful and unfair business, marketing and sales practices with respect to the Class Tires;

4.   An Order compelling Defendants to buy back, or replace, the Class Tires on fair and equitable terms;

5.   An award to Plaintiffs and Class Members of actual, compensatory, exemplary and punitive damages, statutory penalties and damages under applicable states' laws, restitution, and disgorgement, in an amount to be proven at trial;

6.   Equitable and injunctive relief as may be necessary to protect the interests of Plaintiffs and Class Members, including disgorgement and restitution of all monies received by Defendants as a result of their wrongful conduct;

7.     Any and all applicable statutory and civil penalties;

8.     An award of reasonable attorney fees and costs, as permitted by law;

9.     An award of pre-judgment and post-judgment interest, as permitted by law;

10.    Leave to amend this Complaint to conform to the evidence produced at trial; and

11.    Such other and further relief as may be appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of any and all issues so triable of right.

Dated:  June 9, 2017                     Respectfully submitted,


By:*/s/ Dan C. Bolton*
   Daniel L. Keller
   Stephen M. Fishback
   Dan C. Bolton
   **KELLER, FISHBACK & JACKSON LLP**
   28720 Canwood Street, Suite 200
   Agoura Hills, CA 91301
   Telephone: (818) 342-7442
   Facsimile: (818) 342-7616
   Email: dkeller@kfjlegal.com
   Email: dbolton@kfjlegal.com

   Attorneys for Plaintiffs Julie Hamilton, Jerad Hamilton, Kyle McLean, Sam Flowers, Nestor Diaz and George Armstrong, and the Proposed Nationwide Class and State Classes