René P. Tatro (State Bar No. 78383)
Juliet A. Markowitz (State Bar No. 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071
Telephone: (213) 225-7171
Facsimile: (213) 225-7151
Email: rtatro@ttsmlaw.com
jmarkowitz@ttsmlaw.com

Mitchell R. Edwards (admitted *pro hac vice*)
HINCKLEY ALLEN
100 Westminster Street, Suite 1500
Providence, RI 02903-2319
Telephone: (401) 457-5122
Facsimile: (401) 277-9600
Email: medwards@hinckleyallen.com

Attorney for Defendant Dynamic Tire Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE HAMILTON, LYLE MCLEAN, SAM FLOWERS, NESTOR DIAZ, and GEORGE ARMSTRONG, individually and as a representative of the class,<br><br>Plaintiffs,<br><br>vs.<br><br>TBC CORPORATION, DYNAMIC TIRE CORPORATION, and DOES 1-10,<br><br>Defendants. | Case No. 2:17-cv-01060-DMG-JEM<br><br>Honorable Dolly M Gee<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action filed: February 9, 2017 |

## STIPULATED PROTECTIVE ORDER

In order to facilitate and expedite discovery in this action and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereto (collectively, the "Parties" and, individually, a "Party"), by the stipulation of their undersigned counsel, have agreed to the entry of a stipulated protective order ("Stipulated Protective Order") and to the terms thereof as set forth below.

IT IS HEREBY ORDERED THAT:

1. Except as otherwise ordered by this Court, this Stipulated Protective Order shall apply to all documents, answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a Party or non-party as "Confidential Information" or "Confidential Information–Attorneys' Eyes Only" in accordance with the terms of this Stipulated Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such Confidential Information or Confidential Information–Attorneys' Eyes Only received by a Party from a Party or non-party producing, providing, or disclosing Confidential Information or Confidential Information–Attorneys' Eyes Only. Any Party which receives Confidential Information or Confidential Information–Attorneys' Eyes Only and which directly or indirectly makes such copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such Confidential Information or Confidential Information–Attorneys' Eyes Only shall comply with the requirements of Section 4.a regarding stamping or otherwise marking Confidential Information or Confidential Information–Attorneys' Eyes Only, respectively.

2. The Parties agree to designate information as "Confidential Information" or "Confidential Information–Attorneys' Eyes Only" on a good-faith basis and not for purposes of unnecessarily restricting the receiving Party's access to information concerning the action. The Parties shall only designate information as "Confidential Information" or "Confidential Information–Attorneys' Eyes Only" that qualifies under the standards set forth in Paragraphs 4 and 5 below. Information that qualifies as "Confidential Information" shall not be designated as "Confidential Information—Attorneys' Eyes Only." To the extent practicable, only those parts of documents or other materials that require protection shall be designated. Mass, indiscriminate, or

routinized designations are prohibited. If the parties are unable to resolve any dispute over a designation or designations pursuant to paragraph 14, the Court may impose a remedy or remedies as permitted under the applicable law for improper designation of information. As more specifically detailed in Paragraph 4, below, information may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designating Party learns that information it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, the designating Party must promptly notify all Parties that it is withdrawing the mistaken designation.

  3. This Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protections provided herein extend only to the specific material entitled to confidential treatment under the applicable legal principals.

  4. For purposes of this Stipulated Protective Order, "Confidential Information" and "Confidential Information–Attorneys' Eyes Only" shall mean trade secrets or other confidential research, development, commercial, or financial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential. "Confidential Information" and "Confidential Information–Attorneys' Eyes Only" does not include, and this Stipulated Protective Order shall not apply to, information which is already in the knowledge or possession of the Party to whom such disclosure is made unless that Party is bound by law or an agreement not to disclose such information, the information is of public knowledge, or the information has been disclosed to the public or third persons in such a manner so that such information is no longer confidential other than as a result of a direct or indirect violation of this Stipulated Protective Order, of law, or of an agreement not to disclose such information. "Confidential Information" and "Confidential Information–Attorneys' Eyes Only" shall cease to mean, and the restrictions of this

Stipulated Protective Order shall cease to apply to, information which, after disclosure, becomes public knowledge other than by a direct or indirect act or omission of the Party to whom such disclosure is made other than as a result of a direct or indirect violation of this Stipulated Protective Order, of law, or of an agreement not to disclose such information. Nothing in this Stipulated Protective Order shall prevent a Party from making use of technological or other information that is developed or acquired by that Party independently of any disclosures in this action except to the extent resulting from a direct or indirect violation of this Stipulated Protective Order, of law, or of an agreement not to disclose such information.

  5. For purposes of this Stipulated Protective Order, "Confidential Information–Attorneys' Eyes Only" shall mean information meeting the definition of "Confidential Information" that reveals highly sensitive business, competitive, proprietary, trade secret, or other information that is unknown to, and could be detrimental or cause competitive or other recognized harm if known by, the producing Party's or non-party's competitors or entities other than the producing Party or non-party. Because of the extraordinary sensitivity of "Confidential Information–Attorneys' Eyes Only" information, this Stipulated Protective Order places additional restrictions on the persons entitled to access to it.

  6. Any Party or non-party producing confidential information or material may designate the following as Confidential Information or Confidential Information–Attorneys' Eyes Only:

    a. Information contained in a document, answer to interrogatory, answer to request for admission, response to request for production of documents, or other writing. Such designation shall be made by the producing Party by stamping or otherwise marking, in such a manner as not to interfere with the legibility of the documents, a legend in substantially the following form on each page of the document: "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION–ATTORNEYS' EYES ONLY" as appropriate.

b. Information contained or revealed in a deposition, whether in a question, answer, or exhibit. Such designation shall be made by noting a claim of confidentiality pursuant to this Stipulated Protective Order on the record at the time of the deposition, whenever reasonably possible (although failure to so designate at the time of the deposition shall not prejudice the ability to so designate as provided in this Stipulated Protective Order). If the deposition testimony contains Confidential Information or Confidential Information–Attorneys' Eyes Only and if a claim of confidentiality is made in the record, the entire deposition shall remain Confidential Information (or, if so designated, "Confidential Information–Attorneys' Eyes Only) until the earlier of the following events: (a) such time as the Party claiming confidentiality designates particular pages and line numbers of the deposition as Confidential Information (or, if so designated, "Confidential Information–Attorneys' Eyes Only") in writing or (b) 30 days after receipt of the deposition transcript which contains the Confidential Information or Confidential Information–Attorneys' Eyes Only by the Party or non-party asserting the claim of confidentiality. When a claim of confidentiality is not made in advance of disclosure or at the time of a deposition, it may be made within thirty (30) days after receipt of the complete transcript of that day of deposition (including any translation of testimony in a foreign language) by the Party or non-party asserting a claim of confidentiality, and the information so designated shall thereafter be treated as Confidential Information (or, if so designated, "Confidential Information–Attorneys' Eyes Only") in accordance with this Stipulated Protective Order.

7. Confidential Information and Confidential Information–Attorneys' Eyes Only shall be used solely for purposes of this action, including motion practice, discovery, expert analysis, settlement negotiations, trial, and appeal, and shall not be used for any other purpose, except as may be required by law.

8. Except as specifically stated herein, this Stipulated Protective Order does not govern the use at trial of material designated hereunder. For the purposes of trial, the Parties will address the use and treatment of Confidential Information and Confidential Information–Attorneys' Eyes Only in collaboration with the Court prior to trial.

9. It is the responsibility of counsel for each Party to maintain materials containing Confidential Information and Confidential Information–Attorneys' Eyes Only obtained from any Party or non-party in a secure manner so as to allow access to Confidential Information or Confidential Information–Attorneys' Eyes Only only to such persons and under such terms as is permitted under this Stipulated Protective Order.

10. Except with the prior written consent of the Party or non-party asserting confidential treatment or upon prior order of the Court, Confidential Information, Confidential Information–Attorneys' Eyes Only, and any information contained in or derived from such information may not be disclosed to anyone other than a Qualified Recipient under this Stipulated Protective Order.

11. For information designated as Confidential Information–Attorneys' Eyes Only, "Qualified Recipient" shall mean:

   a. Outside counsel of record for a Party in this litigation and their legal, paralegal, secretarial, administrative, and clerical staff;

   b. Inside counsel employed by a Party or affiliate and their legal, paralegal, secretarial, administrative, and clerical staff;

   c. Independent experts, consultants, or contractors assisting in the defense or prosecution of this action who undertake to utilize any Confidential Information or Confidential Information–Attorneys' Eyes Only, disclosed solely to assist in the prosecution or defense of this action, and their legal, paralegal, secretarial, administrative, and clerical staff;

   d. Witnesses at depositions or at trial who are employed by the Party or non-party from whom such Confidential Information or Confidential

Information–Attorneys' Eyes Only originated, or who are reasonably anticipated to have knowledge of the specific Confidential Information or Confidential Information–Attorneys' Eyes Only to be disclosed in the course of their regular employment;

  e. The Court, its staff, the court reporters, and the jury;

  f. Companies or persons who are retained by outside counsel solely to provide photocopy, document imaging, or document database services, or services related to the creation of demonstrative exhibits or in-court presentation systems; and

  g. Any other person agreed to by the Parties in writing or allowed by the Court.

12. For Confidential Information that is not designated as Confidential Information–Attorneys' Eyes Only, "Qualified Recipient" shall include those persons identified in Paragraph 11, and also the receiving Party's employees, officers, or directors who are involved with this action.

13. It is the responsibility of counsel for each Party to this action to ensure that Qualified Recipients receiving Confidential Information and/or Confidential Information–Attorneys' Eyes Only pursuant to this Stipulated Protective Order have knowledge of the terms of this Stipulated Protective Order and agree to be bound by them.

  a. Prior to any disclosure to Qualified Recipients identified in Paragraphs 11.b, 11.c, or 12 above, such persons must agree in writing to abide by the terms of this Stipulated Protective Order by executing an undertaking in the form of that contained in Exhibit A hereto, and subject to the further condition that counsel for the disclosing Party or non-party shall maintain a complete file of such written undertakings.

  b. Nothing herein shall restrict Qualified Recipients from making working copies for use in their offices or for use during the examination of

7

CASE NO. 2:17-CV-01060-DMG-JEM
STIPULATED PROTECTIVE ORDER

witnesses, which working copies shall be deemed Confidential Information or Confidential Information–Attorneys' Eyes Only under the terms of this Stipulated Protective Order.

14. The designation of information as Confidential Information, or Confidential Information–Attorneys' Eyes Only, shall not waive or affect in any way the right of the receiving Party to contest the designation at a later time. Each Party also reserves the right to seek the designation of additional individuals as Qualified Recipients for good cause shown.

    a. In any dispute concerning the designation of information as Confidential Information or Confidential Information–Attorneys' Eyes Only, the producing Party or non-party shall bear the burden of establishing that the Confidential Information or Confidential Information–Attorneys' Eyes Only designation should be maintained. A Party may challenge another Party's, or a non-party's, designation of information or materials as Confidential Information or Confidential Information–Attorneys' Eyes Only by serving a written objection upon the producing Party or non-party. The producing Party or non-party shall notify the challenging Party in writing of the basis for the asserted designation within ten (10) business days after receiving any written objection. The Parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging Party has received the notice of the basis for the asserted designation. To the extent the Parties, or the Parties and the non-party, are unable to reach an agreement as to the designation, the producing Party or non-party shall make an appropriate application to this Court within ten (10) business days after conferring, requesting that the information at issue should remain protected as designated. If no such application is made, or if the Court determines that the material should not be so designated, then the designation shall be deemed withdrawn.

b. Until any dispute under this paragraph is ruled upon by the Court, the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Stipulated Protective Order.

15. This Order does not automatically authorize the filing under seal of material designated under this Stipulated Protective Order. In the event that a Party wishes to use any documents designated Confidential Information or Confidential Information—Attorneys' Eyes Only in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such document shall be filed under seal in accordance with the applicable procedures set forth in the Local Rules for the United States District Court for the Central District of California, including Local Rule 79-5.1, and/or the applicable procedures established by the clerk of the Court, which shall be deemed to satisfy the standard of care for documents designated as Confidential Information or Confidential Information—Attorneys' Eyes Only.

16. Non-parties who are requested to produce documents or things or provide testimony in this action may avail themselves of this Stipulated Protective Order by endorsing it and may designate and produce documents, things or testimony containing Confidential Information or Confidential Information—Attorneys' Eyes Only in accordance with its provisions without further action by the Court.

17. The inadvertent production of any information that the producing Party later claims, promptly after discovery of such inadvertent production, should not have been produced because of a privilege or other protection, including but not limited to the attorney-client privilege or the work product doctrine, will not be deemed to waive any privilege or protection. A producing Party may request the return or destruction of any inadvertently produced material, including any transcripts, copies, excerpts, abstracts, summaries or descriptions thereof. A request for the return or destruction of inadvertently produced privileged material shall identify with particularity (including

production numbers where applicable) the information or material inadvertently produced and the basis for withholding it from production. If a producing Party requests the return or destruction of any inadvertently produced privileged material that is in the custody of another Party or non-party, such material shall, within ten (10) business days, either be returned to the producing Party or destroyed along with all transcripts, copies, excerpts, abstracts, summaries or descriptions thereof. The Party returning or destroying such privileged material may move the Court for an order compelling its production, but the fact of the inadvertent production shall not be a ground for such a motion or order.

18. The inadvertent failure to designate any information as Confidential Information or Confidential Information–Attorneys' Eyes Only shall not be deemed to waive a later claim as to its confidential nature, or to stop the producing Party from designating such information as Confidential Information or Confidential Information–Attorneys' Eyes Only at a later date in writing and with particularity. Recipients of information that inadvertently was not designated as Confidential Information or Confidential Information–Attorneys' Eyes Only will cooperate with the producing Party in making reasonable efforts to treat such information as Confidential Information or Confidential Information–Attorneys' Eyes Only. In addition, any designation of Confidential Information or Confidential Information–Attorneys' Eyes Only by any Party prior to the entry of this Stipulated Protective Order shall be treated as if such designation had been made pursuant to this Stipulated Protective Order.

19. In the event an additional party joins or is joined in this action, that additional party and its counsel shall not have access to Confidential Information or Confidential Information–Attorneys' Eyes Only until that additional party has become a party to this Stipulated Protective Order by an appropriate amendment thereto approved and entered by this Court.

20. Any non-party who discloses information for use in this action may designate documents, deposition transcripts or other writings produced as Confidential Information or Confidential Information–Attorneys' Eyes Only in accordance with the

provisions of this Stipulated Protective Order, and such information shall thereafter be subject to this Stipulated Protective Order and shall be treated in accordance therewith, and the non-party shall thereafter be treated as a Party for the purposes of, and under the terms of, this Stipulated Protective Order.

21. This Stipulated Protective Order has no effect on, and shall not apply to, a producing Party's use for any purpose of Confidential Information or Confidential Information–Attorneys' Eyes Only produced by the producing party, subject to the provisions of Paragraph 4.

22. Producing or receiving Confidential Information or Confidential Information–Attorneys' Eyes Only, or otherwise complying with the terms of this Stipulated Protective Order, shall not (1) operate as an admission by any Party that any particular Confidential Information or Confidential Information–Attorneys' Eyes Only contains or reflects trade secrets or any other type of confidential or proprietary information; (2) prejudice in any way the rights of a Party to object to the production of information or material that the Party does not consider discoverable; (3) prejudice in any way the rights of a Party to seek a determination by the Court that particular materials be produced; (4) prejudice in any way the rights of a Party to apply to the Court for further protective orders; or (5) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

23. Within ninety (90) days after the conclusion of this action, including any appellate proceedings, all Confidential Information or Confidential Information–Attorneys' Eyes Only (including copies and documents containing information derived therefrom) shall be destroyed or returned to the producing Party, at the election of the receiving Party. However, outside counsel for any Party shall be entitled to retain all court papers, trial and deposition transcripts, exhibits used in affidavits or declarations, at depositions, or at trial, correspondence (including emails), and attorney work product (excluding litigation databases containing either the full text of Confidential Information

or Confidential Information–Attorneys' Eyes Only or abstracts thereof), provided that any such materials are maintained and protected in accordance with this Stipulated Protective Order. Compliance with this paragraph shall be confirmed in writing by a person qualified to certify compliance on behalf of each Party receiving Confidential Information or Confidential Information–Attorneys' Eyes Only, a copy of which shall be provided to counsel of record for the disclosing Party within ninety (90) days after the conclusion of this case.

24. The provisions of this Stipulated Protective Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings, in this action, whether by settlement or litigation.

IT IS SO ORDERED.

Dated: June 4, 2018

~~Dolly M. Gee~~
~~United States District Court Judge~~
JOHN E. McDERMOTT
UNITED STATES MAGISTRATE JUDGE

IT IS SO AGREED

**FOR PLAINTIFFS**

_s/Dan C. Bolton_
Dan C. Bolton, Esq.
KELLER, FISHBACK & JACKSON LLP
28720 Canwood Street, Suite 200
Agoura Hills, CA 91301
Telephone: 818.342.7442
Facsimile: 818.342.7616
dbolton@kfjlegal.com


**FOR DEFENDANT TBC CORPORATION**

_s/John Egley_
John Egley, Esq.
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949)717-3000
Facsimile: (949) 717-3100
jegley@calljensen.com


**FOR DEFENDANT DYNAMIC TIRE CORP.**

| _s/René P. Tatro_ | _s/Mitchell R. Edwards_ |
|---|---|
| René P. Tatro, Esq. | Mitchell R. Edwards (admitted _pro hac vice_) |
| Tatro Tekosky Sadwick LLP | HINCKLEY ALLEN |
| 333 S. Grand Ave. Ste. 4270 | 100 Westminster Street, Suite 1500 |
| Los Angeles, CA 90071 | Providence, RI 02903-2319 |
| 213-225-7171 (tel) | Telephone: (401) 457-5122 |
| 213-225-7151 (fax) | Facsimile: (401) 277-9600 |
| rtatro@ttsmlaw.com | Email: medwards@hinckleyallen.com |

I hereby affirm that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: ___/s/ René P. Tatro___
René P. Tatro, Esq.
Attorneys for defendant Dynamic Tire Corporation

13

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE HAMILTON, LYLE MCLEAN, SAM FLOWERS, NESTOR DIAZ, and GEORGE ARMSTRONG, individually and as a representative of the class, <br><br> Plaintiffs, <br><br> vs. <br><br> TBC CORPORATION, DYNAMIC TIRE CORPORATION, and DOES 1-10, <br><br> Defendants. | Case No. 2:17-cv-01060-DMG-JEM <br><br> Honorable Dolly M Gee |

UNDERTAKING OF _____ PURSUANT TO

STIPULATED PROTECTIVE ORDER declares as follows:

    1.    I reside at _____. I am employed by _____ in the capacity of _____. At the present time I have the following Relationship(s) with one or more of the following parties to this action: _____ [list respectively party/parties and relationship(s)]

    2.    I have received and read a copy of the Stipulated Protective Order entered in this action on _____, 2018. I understand that I am a person identified in Paragraph 11 and/or 12 of the Stipulated Protective Order.

    3.    I agree to comply with and be bound by all of the terms and restrictions of that Stipulated Protective Order.

4. During the pendency of this action I understand that I may be given access to and/or disclosure of writings or things marked as containing Confidential Information or Confidential Information–Attorneys' Eyes Only under the Stipulated Protective Order. I understand that I am being asked to sign this undertaking in order to protect the information so designated from being disclosed to unauthorized persons. Pursuant to the terms of the Stipulated Protective Order, I agree not to disclose any such information to, or discuss any such information with, any person who is not a Qualified Recipient under the terms of the Stipulated Protective Order. Furthermore, I agree to use any such information only for the purpose of my participation in this action.

5. I agree that, upon termination of my participation in the action, I will promptly either return all copies of documents and things designated or marked as containing Confidential Information or Confidential Information–Attorneys' Eyes Only, as well as all notes, memoranda or other documents containing such information, to the outside trial counsel for the party who provided the information to me and who retained me, or destroy all such materials, and confirm in writing under penalty of perjury that I have done so.

6. I am fully aware that my failure to comply with the terms of the Stipulated Protective Order may constitute contempt of Court and subject me to sanctions imposed by the Court, and I submit to the jurisdiction of the Court for the purpose of securing compliance with the terms of that Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
Signature

15

CASE NO. 2:17-CV-01060-DMG-JEM
STIPULATED PROTECTIVE ORDER